972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Plaintiff-Appellant,
v.
JOSEPHINE COUNTY DEFENSE LAWYERS, Defendant-Appellee.
 No. 92-35079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 28, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 civil rights action. We review de novo the district court's dismissal for failure to state a claim. Woodrum v. Woodard County, Okl., 866 F.2d 1121, 1124 (9th Cir.1989). We affirm.
 
 
 3
 Generally, a dismissal under Rule 12(b)(6) should not be affirmed unless it is clear that the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). However, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend. Id. at 653.
 
 
 4
 Here, Allen filed a complaint for malpractice and misuse of funds against the defendant, Josephine County Defense Lawyers.
 
 
 5
 To state a claim under 42 U.S.C. § 1983, the plaintiff must allege the defendants, acting under color of state law, deprived the plaintiff of rights secured by the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988). Public defenders are private individuals for purposes of section 1983, and do not act under color of state law when acting as counsel to defendant in a criminal proceeding. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, the defendants cannot be liable for section 1983 damages. See id.
 
 
 6
 In his appeal to this court, Allen makes conclusory allegations of an official conspiracy between the public defenders and the district attorneys. These allegations, however, would not have cured the deficiencies of Allen's complaint. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1980) (vague and conclusory allegations of official participation in civil rights violations are insufficient to withstand a motion to dismiss).
 
 
 7
 Finally, the district court had already allowed Allen an opportunity to amend his complaint once. Given these circumstances, the district court properly dismissed the action with prejudice. See Kelson, 767 F.2d at 653.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After dismissing Allen's federal claim pursuant to Rule 12(b)(6), the district court also dismissed Allen's pendant state claim for bad faith. The dismissal of the pendant claim was a proper exercise of the district court's discretion. See Jones v. Community Redev. Agency, 733 F.2d 646, 651 (9th Cir.1984) (when federal claims are dismissed before trial, pendant claims should ordinarily also be dismissed.)